IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO.: 4:08cr10-SPM

ANTONIO LEMAR LEWIS,

      Defendant.
_____/

**ORDER DENYING MOTION TO SEVER OR BIFURCATE**

This cause comes before the court on Defendant's Motion for Severance or a Bifurcated Trial (doc.13) and the Government's response in opposition (doc. 15). For the following reason, the motion will be denied.

The indictment against Defendant contains three counts. Count I charges Defendant with being a felon in possession of a firearm. Count II charges Defendant with possession of cocaine with intent to distribute. Count III charges Defendant with possessing a firearm during and in relation to a drug trafficking crime. The firearm and cocaine at issue were found in a vehicle, from which Defendant allegedly fled after a chase from law enforcement. The main issue at trial will be whether Defendant was the person driving the vehicle.

Defendant seeks to sever or bifurcate Count I from the remaining Counts

on grounds that his status as a convicted felon while relevant to Count I, is irrelevant to the charges in Counts II and III, and unduly prejudicial.  The fact that Defendant was a convicted felon, who could not legally possess a firearm, is relevant to the charge in Count III, however.  In a prosecution for possession of a firearm during and in relation to a drug trafficking crime, one of the facts that can establish a nexus between the firearm and drug trafficking is the "status of the possession (legitimate or illegal)." United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir. 2002).  Moreover, any prejudice to Defendant would be greatly reduced by his stipulation that he has been convicted of a felony. United States v. Miller, 255 F.3d 1282, 1289 (11th Cir. 2001).  The government has agreed to the stipulation.  Thus no information would be presented to the jury concerning the nature or particulars of Defendant's felony conviction.

      The court has considered Defendant's right to a fair trial balanced against he public's interest in the efficient administration of justice. United States v. Simon, 839 F.2d 1461, 1472 (11th Cir. 1988).  Specifically, the prejudice to Defendant, as reduced by the stipulation, is not compelling nor is it unfair.  The conviction is necessary for the felon in possession charge, and that charge is relevant to his possession of a firearm during and in relation to the drug trafficking crime.  As for the efficient administration of justice, the severance would result in two trials on the same evidence and facts.  Although Defendant's trial is expected to be quick (one day), the duplication of resources entailed by

CASE NO.: 4:08cr10-SPM

summoning two sets of jurors and having witnesses testify to the same facts twice is nevertheless substantial.

Defendant's alternative request for a bifurcation of trial poses other concerns. Although there appears to be no case law from the Eleventh Circuit on the bifurcation process when a felon in possession offense is joined with other charges, various options available have been discussed by other courts. In particular, United States v. Bowie, 142 F.3d 1301, 1305 (D.C. Cir. 1998) explains two possible bifurcation processes. In one process, the fact finding is bifurcated among the judge and the jury, with the jury deciding all elements of the crimes charged except for the prior felony conviction required for the felon in possession offense. The prior felony conviction would be determined by the court afterward, but only as a formal matter given the stipulation of the parties. Id.

In another possible bifurcation process, the fact finding would remain entirely with the jury, though divided into two segments. Id. First, the jury would decide all elements except for the prior felony conviction. Id. The jury would then come back to hear evidence and decide on the prior felony conviction. Id.

Both of these processes have certain drawbacks. They require drafting of special verdict forms, "which can unduly hinder jury deliberations by allowing the trial judge to carefully guide the jury to its conclusion." United States v. Birdsong, 982 F.2d 481, 482 (11th Cir. 1993). Second, the presentation of the case would be awkward and the jury could become confused since the felon in possession

charge would not be fully explained. Id.; United States v. Matthews, 62 F.Supp.2d 59, 65 (D.C. 1999). None of these problems are addressed in Defendant's request for bifurcation of trial.

Given these problems, and the mitigating affect Defendant's stipulation will have, the court finds that neither a bifurcation of the proceedings nor a severance is warranted. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion for Severance or a Bifurcated Trial (doc. 13) is denied.

DONE AND ORDERED this 14th day of May, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 4:08cr10-SPM