**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 4:08cr10-SPM

ANTONIO LEMAR LEWIS

_____/

**O R D E R**

This cause comes before the court upon the January 8, 2013, letter from defendant Antonio Lemar Lewis, which has been treated by the clerk as a motion for reduction of sentence. (Doc. 56). The government filed a response in opposition. (Doc. 57). The defendant filed a letter in rebuttal. (Doc. 58). For the following reasons, the defendant's motion must be denied.

A sentence reduction is allowed only in very limited circumstances that are governed by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010) (discussing reductions allowed under 18 U.S.C. § 3582(c) for compassionate release, substantial assistance, and retroactive guideline amendments). Because none of the statutory circumstances are present in this case, the court is without jurisdiction to reduce the defendant's sentence.

As an alternative to a sentence reduction by the court, the defendant asks to be placed in the Residential Drug Abuse Program ("RDAP") through which he may be granted a reduction of sentence by the Bureau of Prisons. An inmate's admission into the RDAP program, and reduction of sentence as a result of that participation, is a matter within the discretion of the Bureau of Prisons. *Lopez v. Davis*, 531 U.S. 239 (2001). The court cannot order the Bureau of Prisons to place the defendant into the RDAP program. Moreover, because the defendant possessed a firearm in connection with the drug felony offense for which he was sentenced, the defendant likely does not qualify for an RDAP reduction. *Id.* at 234 n.1, 244.

Nevertheless, the court may make a non-binding recommendation to the Bureau of Prisons regarding drug treatment. The court recommends that the defendant be allowed to participate in any available drug treatment program, including the RDAP program and/or any other available cognitive behavioral treatment program the. The court strongly believes this defendant would benefit from such programming which would in turn benefit the community on his reentry. Furthermore, even though the court cannot award the defendant with a sentence reduction, he is encouraged to continue with his efforts toward self-improvement. The defendant's accomplishments to date are truly impressive.

Based on the foregoing, it is ORDERED that defendant's motion for reduction of sentence (doc. 56) is DENIED. The court RECOMMENDS that defendant be allowed to participate in drug treatment.

**SO ORDERED** this 26th day of March, 2013.

                                           s/ *M. Casey Rodgers*
                                           **M. CASEY RODGERS**
                                           **CHIEF UNITED STATES DISTRICT JUDGE**